GRAY, J.,
The matter comes before this court on a petition filed on November 20, 2014, by the biological father, J. D. S., to change the name of his six month old son, DLR, bom August 6, 2014, pursuant to 54 Pa. C.S. § 702. Mother opposes the petition. Upon review of the evidence as presented by stipulation and case-law, it is hereby ordered and directed that father’s petition is granted.
*61 I. Background
At the time of the hearing, both parents agreed to change their child’s name to include the surname of both parents. The dispute is about whether the child will bear the paternal or maternal surname as his own surname. At the time scheduled for an evidentiary hearing on February 2, 2015, the parties presented a stipulation as to the evidence in this matter.
The parties stipulated that, if called to testify, father would testify that he would like his son to carry his last name for the following reasons. First, it would adhere to the traditional view of the child taking the paternal last name. Second, since the child is a boy, his surname would be carried on to his children. Third, father contends that he had no input into the birth name. Finally, in the event mother re-married, mother would likely take a new last name, leaving the child with a surname belonging to neither of his parents.
The parties further stipulated that, if called to testify, mother would testify to the following. Mother believes that the parties had a brief discussion and father agreed to allow the child to bear her surname as his own. The birth certificate and acknowledgment of paternity both provide that the child’s last name is R. Father signed the acknowledgement of paternity. Mother would testify that she is not engaged and does not have a current intention of marrying. Mother believes that father’s last name, S. is associated with criminal activities including a criminal history within father’s family. Mother also believes the *62 name is associated with an eviction. In rebuttal father would testify that he never agreed to the child’s last name being R. Rather, father would testify that he did not vocalize objection to the name because he felt that the time of birth was not the right time to do so. In addition, father disputes the criminal background.
. II. Discussion
When considering a petition pursuant to 54 Pa. C.S. § 702 to change a child’s name, the court must exercise discretion to determine whether the petitioning party established that the name change is in the child’s best interest. See In Re: Grimes, 609 A.2d 158, 161 (Pa. 1992). See also Falcucci Name Case, 50 A.2d 200, 202 (Pa. 1947). In Grimes, supra, the Pennsylvania Supreme Court held that a court should exercise discretion by comporting with “good sense, common decency and fairness to all concerned and to the public.” Grimes, supra, 609 A.2d 160. When considering whether the name change is in the child’s best interest, the court held that the three main considerations include:
the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

Id.

After considering the best interest of the child and the *63 considerations outlined by our Supreme Court in Grimes, the court finds that it is in the best interest of the child for his name to be D.L.R.S. The court will address each of the Grimes factors in turn.
Initially, the court must consider the natural bonds between the parent and the child. The court finds the child has a natural bond with both parents. The parents have shared legal and physical custody, both parents have been involved with the child since birth, and both parents intend to continue their involvement with their child as evidenced by their shared custody.
Turning to the social stigma associated with the R. and S. surnames, the court finds that neither surname is afforded any significant social stigma or respect within the community. While mother contends that there are family members with the S. name who have a criminal history and suffered an eviction, there is no evidence that such history has tied the name to social stigma or loss of respect within the community. Further, the court notes that S. appears to be a common surname. Therefore, this factor is not instructive.
Lastly, the child is not of sufficient age to understand the effect of this name change. The child at issue is approximately six (6) months old. The court finds that the child cannot rationally and intelligently understand the significance of this name change.
When considering the best interests of the child with respect to a proposed name change, some trial courts have looked to whether the child would hold the same name as *64 a parent. In Sanders v. Funk, 47 Pa. D. & C.4th 199 (Apr. 28, 2000) (VanHorn, J.), for example, the court granted father’s petition to change the child’s surname from that of the biological mother’s boyfriend to that of the name of a biological parent. When granting father’s name change petition in Sanders, supra, that court held:
[i]t is this court’s judgment that [child] should not have the surname of a person who is unrelated to her in any manner and that to continue her surname of [boyfriend] is misleading to her as well as the public since [boyfriend] has absolutely no legal relationship to the child. The court must also consider the natural bond that exists between [father] and [child], and the child’s right to feel connected to her biological parent by the sharing of a surname as being in her best interest.
Id. at 204.
The court finds that the same rationale that the court used in Sanders is applicable in this case. Even though the child will currently bear the surname of his mother, this court cannot find that it is in the child’s best interest to bear a surname of neither of her biological parents, which would be the case if mother remarries and assumes the name of her spouse. While mother’s testimony would be that she has no current intention to re-marry and take the name of her spouse, mother did not foreclose the possibility. Moreover, despite an opportunity to do so, mother did not submit that her testimony would be that she would not re-marry, or that if she re-married, she would keep her maiden name. The court finds that father has met *65 his burden of proving that the best interest of the child is for his name to be changed to best ensure that the child will at all times bear the surname of at least one parent.
The court notes that this decision is consistent with its prior decision in In Re: Change of Name of K.L.F., No. 12-01,076 (Lyco. Co., September 5, 2012). In that case, this court found it was in the best interest to change the child’s surname from that of the mother’s boyfriend to the father’s surname. In that case, mother asserted an intention to someday marry and take on the boyfriend’s surname. Also, the child’s sibling carried the boyfriend’s surname. Nonetheless, this court believed it best to ensure that the child bear the surname of at least one parent.
This court also believes the instant matter is distinguishable from In Re: C.R.C., 819 A.2d. 558 (Pa. Super. 2003) In C.R.C., supra, the Superior Court reversed the change of a child’s surname to the father’s surname largely because the father had not established a bond with the child. In Re: C.R.C., 819 A.2d. at 562-563. In the instant matter, the parties share legal and physical custody and both were involved with the child since birth.
Accordingly, the court enters the following order granting father’s name change petition.
ORDER
And now, this 20th day of February, 2015, based upon the foregoing reasons, it is hereby ordered and directed that father’s petition for change of name is granted. D.L.R., bom August 6,2014, shall have his name changed *66 to D.L.R.S. and he shall be hereafter known as D.L.R.S. The parties are directed to take all necessary steps to effectuate this name change on the child’s legal records and birth certificate.